the first of our cases to be heard is United States of America versus Travis Parker 19-2369 and let me just add one prefatory comment in this arrangement we will not interrupt the lawyers until their time has expired that is lawyers will have the benefit of the full amount of time accorded to them in the calendar and then questions will be put to them perhaps by one or another member of the bench and that's how we will proceed okay so let's hear from counsel for Parker Good afternoon may I please the court this is uh Martin Vogelbaum representing Travis Parker uh in our appeal we actually brought three points of error one of which was the substantive reasonableness of Mr. Parker's sentence I'm not going to speak to that issue I will rest on the briefs and just address the other two points the first of those points is that it was violated when he was convicted of a violation of supervisor release that was not spelled out for him in the written notice into his petition obviously the Supreme Court has said that one of the minimum requirements of due process is written notice of the alleged violation and this court has said that in the case of a new crime that notice will ordinarily be effective if the petition spells out the location of the alleged violation the participants in it and the approximate time that it took place and further in the McNeil case this court has suggested that it is desirable for the government to also spell out in the petition the precise statutory provision that the the offender is alleged to have violated that is what happened here so on its face Mr. Parker's petition was was adequate it named to it named robbery second in pertinent part as the statutory provision he was claimed to have violated it spelled out facts specifically amounting to the elements of that offense namely it spelled out facts about a forcible stealing in the course of which the force used caused injury to the victim and the party has proceeded on the assumption that that was the offense that was being tried for lack of a better way to put it the government elicited on direct examination and by submission of medical records evidence and testimony about the injuries of the victim and conversely Mr. Parker spent time on cross-examination trying to call into question the credibility of the victim about injuries and the extent of them and evidently given the district court's ultimate ruling that the government had proved a robbery third rather than a robbery second by a preponderance of the evidence which is a forcible stealing absence injury Mr. Parker had some success or should was proceeding on the assumption that a robbery second was being tried because even the assistant United States attorney when they were finding a robbery third was made protested that that was not an offense that was in the petition so while the position here was spatially adequate the district court essentially added an unwritten violation to it so in this case so this case is somewhat similar to the case of Carson versus Taylor where this court held that oral notice of a violation in the absence of any written notice is not constitutionally sufficient to provide the defendant with this process it's also similar to the Ninth Circuit case of Javier their problem was somewhat the opposite in a way because the petition although it spelled out the in date and participants involved in the new offense still left open too wide a range was too vague in the fact that it left open a wide range of offenses that the defendant had to guess at what he was defending against well here we have the same result albeit through a different mechanism that is we have an adequately specific petition but the district court's treatment of it um rendered it similarly vague because nobody anticipated that Mr. Poston was going to be defending against robbery third and the district court's oral discussions about robbery third with Mr. Parker did not suffice to cure that problem because those discussions really occurred in the context of Mr. Parker's fixation on who had the knife or who had it first in this scenario and his use of force was justified such that it wasn't a crime and it's evident that what the district court was trying to do was to impress upon Mr. Parker that any use of force would have to be reasonable in order to claim the justification defense and in discovering or in discussing excuse me robbery third it's just a simplified way of telling the defendant that any forcible stealing any force you use to steal a property which doesn't belong to you is sort of per se not reasonable this was not these were not discussions in which the district court was apprising Mr. Parker that he would be defending against robbery third as well as robbery second the second contention i'd like to speak to is the cause contribution requirement the government says this is not right which i think confuses the question of its execution with the question of the imposition of the condition it's our position that the statutes involved don't authorize the imposition of this condition unless the district court can make at the time of sentencing a finding that the defendant has funds that there are funds available for him to in addition to that the condition has to satisfy or further the sentencing goals at 35 53 day and that almost ifso facto it cannot do that if the district if the district court finds that the person is indigent and unable to pay or is unable to find otherwise i suppose is a better way to put it because that will in fact frustrate the sentencing goals and that modification is not appropriate to cure this because it's a mistake not something that arises from a change in circumstances the appropriate course would be to impose contribution later if in fact it turns out that Mr. Parker has money or somebody has money on his behalf to pay for services and that includes my receiver thank you very much i'll ask Judge Raji and then Judge Kaplan if they have any questions for Mr. Vogelbaum. Judge Raji? Thank you. Counsel, on your notice argument about not having been given fair notice that your client could face violation based on the commission of third degree robbery rather than second degree robbery why isn't your argument defeated by the Supreme Court's decision in schmuck the United States now many many years ago but finding that a criminal defendant receives adequate notice of lesser included offenses from the presence in an indictment of a corresponding greater offense i mean third degree robbery is a lesser included offense of second degree robbery isn't it uh i think it is judge so why is that why isn't the same notice that would suffice for a criminal defendant in in an indictment satisfied here well for a few reasons um first of uh schmuck discusses the long common law history and rudiments of that rule um and also notes that it is now codified in federal rule of criminal procedure um 31 there is no similar kind of um tradition that would afford the defendant notice nor any similar rule applicable to supervised release petitions and so i think this is the historical example and tradition that would provide the defendant notice under schmuck is simply not present in this context secondly uh while supervised release proceedings of course are criminal trials and and not uh don't feature all the same safeguards um this court has made clear that that's not a reason to to dispense with the safeguard that it is relatively easy to implement which is to say where you have notice of a potential violation for a long time as the carson case essentially um in other words that informality doesn't have to sacrifice adequate preparation of the defendant and consequently accurate fact finding and decision making um by the district court and certainly it would have been no particular burden on the government here to have included language such as uh robbery second and uh lesser included offenses yes all right thank you thank you judge caplan thank you i have no questions and i have none so we'll hear from from the government thank you your honors uh good afternoon may it please the court my name is tiffany lee and i represent the united states your honors um as mr volga bomb explained the written notice here was completely adequate in order to advise mr parker in terms of what he was facing by way of having been charged with violating the no further crimes condition of supervised relief indeed as this court set out what the parameters were for in order for written notice to be adequate in united states versus chatelain um this notice uh met all the that it provided uh information containing description of the basic facts it included the date and location of where the purported violation occurred and most specifically it identified three core uh offenses one being robbery one being assault and the other being grand larceny as this court stated in mcneil the failure to list the specific statute being alleged can be rendered harmless if the offense is described sufficiently to establish the element and that's what happened here certainly uh with respect to uh to jump off from what uh judge criminal conduct of robbery in the third was already embedded in uh the elements of robbery in the second degree and this case is completely distinguishable from uh the ninth circuit decision and javier that mr parker relies upon i mean in that case there was simply no indication of the what potential offenses were all it stated in terms of that written notice was that uh the defendant there violated an offense with the element of eminent life threatening danger to law enforcement personnel um in which case it could invoke a whole different types of offenses that's not what we have here and in fact in here with respect to plain error review we have the circumstance where the district court advised um mr parker that you know not only was he looking at potentially robbery in the second degree but the fact remained that um mr parker's purported defense would not absolve him of liability potentially on robbery in the third degree and it was repeated to him at least two times prior to the hearing that robbery in the third degree simply involves the forcible taking of the victim's purse so um your honors uh you know uh the judgment and conviction with respect to this violation of supervised release condition should be affirmed because mr parker has failed to establish any error let alone error that is plain turning to the cost contribution uh condition of supervised release um i'd like to direct this court's attention to united states versus rashid which was decided in november of 2020. the citation is 981 f third 187 and specifically to 198 199 and i apologize for not bringing this case to the court's attention earlier it was only in preparation for all arguments that i realized that i had overlooked the significance of this case with respect to the cost contribution condition of supervised release argument that is being made now in rashid similarly to mr parker here the defendant there wanted the cost contribution um condition of supervised release to be vacated or at least remanded back to the district court in order to figure out whether or not it would be subject to defendant's ability to pay um and this court in rashid determined that uh based on its review of the record that there was enough to suggest that indeed that cost contribution condition of supervised release was subject to the defendant's ability to pay and therefore remand was not was unnecessary similarly here the record is actually probably better than it was in rashid in that in oral in orally pronouncing the supervised release conditions the district court specifically said here that the payment the cost contribution conditions with respect to mental health treatment and drug treatment would be based on mr parker's ability to pay and that citation is in in the appendix at page 905 accordingly again um mr parker has failed to establish error let alone error that is playing in order to merit remand of the cost contribution condition of supervised release and the government um unless there are any further questions the government would rest on its brief judge raji any questions i do not have any questions thank you no judge caplan thank you no okay thank you well um mr vogelbaum has reserved some time uh i just would speak very briefly to the government's last point about the united states versus rishi um which i think is distinguishable from this case the government is quite right um rishi construes um a judgment that doesn't mention the ability to pay as as implicitly um conditioning contribution on the ability to pay since the defendant was found to be to be indigent and hence no remand is necessary um but again that is a question of under what circumstances is in execution permissible but here we're lodging a different challenge which is simply that based on the language of the relevant statute 3672 which requires that the district court find that the defendant has money available before probation collects money from him and secondarily 3553a which requires the determination that the condition um further statutory sentencing objectives before imposing sentence but if the circumstances are such that uh the defendant doesn't have money or there isn't money available for for probation to collect um and if the defendant doesn't have money to fund uh the treatment then this is you know neither authorized by probation is not authorized by 3672 nor is uh this the most effective way to get the defendant who obviously has no money correctional treatment and imposition by the terms of the statutes of this condition should be deferred if circumstances ultimately change in the future and i will waive the rest of my rebuttal time thanks very much we'll reserve decision and we'll turn